**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| RICKY LEE MENNEN, | Civil Action No. 11-1794 (JBS) |
| Petitioner, |  |
| v. | **O P I N I O N** |
| DONNA ZICKEFOOSE, |  |
| Respondent. |  |

**APPEARANCES:**

Ricky Lee Mennen, Pro Se
09420-029
Federal Correctional Institution
P.O. Box 2000
Fort Dix, NJ 08640

PAUL J. FISHMAN,
United States Attorney
    By:  Kristin Lynn Vassallo, AUSA
Office of the U.S. Attorney
970 Broad Street
Newark, NJ 07102
Attorney for Respondent

**SIMANDLE**, Chief Judge:

Petitioner, Ricky Lee Mennen, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241.[1]  Respondent has

---

[1]   Section 2241 provides in relevant part:

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.         (continued...)
                              ***

filed a response to the petition, and Petitioner has filed a reply.  This Court has considered all submissions.  For the following reasons, the petition will be dismissed.

### BACKGROUND

Petitioner was convicted in the United States District Court for the Northern District of Iowa for manufacturing and attempting to manufacture five grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1).  On August 16, 2005, he was sentenced to an 87-month term of imprisonment.

In January 2010, Petitioner's Unit Team at FCI Fort Dix held a program review.  As Petitioner showed interest in relocating to Michigan upon release, and was on the waiting list for the Residential Drug Abuse Program ("RDAP"), the Unit Team did not make a recommendation about Residential Reentry Center ("RRC") placement at that time.  A Unit Team review was attempted in July 2010, but Petitioner chose not to cooperate.  In January 2011, a Unit Team review was held, and the team considered Petitioner's placement for up to twelve months in an RRC.  The Unit Team considered the factors set forth in 18 U.S.C. § 3621(b), as well as Petitioner's need for services, public safety, and the necessity of the Bureau to manage its inmate population.

---

(c) The writ of habeas corpus shall not extend to a prisoner unless—... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ....

(Answer, p. 6). After reviewing Petitioner's file, the Unit Team recommended an RRC placement of 120 days.

Petitioner, however, suffers from insulin-dependent diabetes. Therefore, Petitioner's case manager consultation with the Bureau of Prisons' ("BOP") Regional Medical Director of the North Central Region, concerning whether it was medically appropriate to place Petitioner in an RRC. Records showed that Petitioner had not been taking care of himself, was non-compliant with medical instructions, and did not check his blood sugar daily. Because there is diminished medical staff at an RRC to meet Petitioner's medical needs, the doctor concluded that Petitioner should not be placed in an RRC. (Answer, p. 8, citing Declaration of Dr. Harvey). On February 23, 2011, the BOP's North Central Regional Medical Director informed the staff at FCI Fort Dix that Petitioner would not receive RRC placement.

In his petition, Petitioner argues that the BOP's decision to not place him into an RRC violated his constitutional rights under the Due Process Clause of the Eighth Amendment; that the BOP staff failed to make an individualized recommendation as to his RRC placement; and that he was entitled to a 12-month RRC placement due to his participation in programs. (Petition, ¶¶ 9-12).

**DISCUSSION**

**A.     Petitioner Has Failed to Exhaust Remedies.**

The BOP Administrative Remedy Program is a multi-tier process that is available to inmates confined in institutions operated by the BOP for "review of an issue which relates to any aspect of their confinement."  28 C.F.R. § 542.10.  An inmate must initially attempt to informally resolve the issue with institutional staff.  See 28 C.F.R. § 542.13(a).  If informal resolution fails or is waived, an inmate may submit a BP-9 Request to "the institution staff member designated to receive such Requests (ordinarily a correctional counsel)" within 20 days of the date on which the basis for the Request occurred, or within any extension permitted.  See 28 C.F.R. § 542.14.  An inmate who is dissatisfied with the Warden's response to his BP-9 Request may submit a BP-10 Appeal to the Regional Director of the BOP within 20 days of the date the Warden signed the response. See 28 C.F.R. § 542.15(a).  The inmate may appeal to the BOP's General Counsel on a BP-11 form within 30 days of the day the Regional Director signed the response.  See id.  Appeal to the General Counsel is the final administrative appeal.  See id.  If responses are not received by the inmate within the time allotted for reply, "the inmate may consider the absence of a response to be a denial at that level."  28 C.F.R. § 542.18.

4

According to the BOP's records, Petitioner has not filed any administrative remedies. (Answer, p. 9, citing Declaration of Tara Moran).

Although 28 U.S.C. § 2241 contains no statutory exhaustion requirement, a federal prisoner ordinarily may not bring a petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging the execution of his sentence, until he has exhausted all available administrative remedies. See, e.g., Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000); Arias v. United States Parole Comm'n, 648 F.2d 196, 199 (3d Cir. 1981); Soyka v. Alldredge, 481 F.2d 303, 306 (3d Cir. 1973). The exhaustion doctrine promotes a number of goals:

> (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy.

Goldberg v. Beeler, 82 F. Supp.2d 302, 309 (D.N.J. 1999), aff'd, 248 F.3d 1130 (3d Cir. 2000); see also Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 761 (3d Cir. 1996). Nevertheless, exhaustion of administrative remedies is not required where exhaustion would not promote these goals. See, e.g., Gambino v. Morris, 134 F.3d 156, 171 (3d Cir. 1998) (exhaustion not required where petitioner demonstrates futility); Lyons v. U.S. Marshals, 840 F.2d 202, 205 (3d Cir. 1988) (exhaustion may be excused where

it "would be futile, if the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or if the administrative procedure is clearly shown to be inadequate to prevent irreparable harm"); Carling v. Peters, 2000 WL 1022959, *2 (E.D. Pa. 2000) (exhaustion not required where delay would subject petitioner to "irreparable injury").

Here, Petitioner has not attempted to exhaust administrative remedies.  Further, Petitioner has not alleged any facts that would permit this Court to find that exhaustion of his administrative remedies would be futile or that requiring exhaustion would subject Petitioner to "irreparable injury."  As such, the petition must be dismissed for failure to exhaust.

**B.    Alternatively, Petitioner's Case is Now Moot.**

According to the federal inmate locator website, www.bop.gov, Petitioner was released from federal custody on December 24, 2011.  Therefore, his claims regarding RRC placement and the Second Chance Act are moot.

Federal courts are not empowered to decide moot issues.  See U.S. Const. art. III, § 2, cl. 1.; Doe v. Delie, 257 F.3d 309, 313 (3d Cir. 2001) (citing North Carolina v. Rice, 404 U.S. 244, 246 (1971)).  To avoid mootness, a controversy must exist at all stages of review.  See id. (citing New Jersey Turnpike Auth. v. Jersey Central Power & Light, 772 F.2d 25, 31 (3d Cir. 1985)).  "Mootness has two aspects: (1) the issues presented are no longer

6

'live' or (2) the parties lack a cognizable interest in the outcome." Id. (quoting New Jersey Turnpike Auth., 772 F.2d at 31).

When Petitioner was released, "the Petition became moot because Petitioner was no longer threatened with 'an actual injury traceable to the [BOP] and likely to be redressed by a favorable judicial decision.'" Hagwood v. Grondolsky, 2009 WL 455499 (D.N.J. Feb. 19, 2009) (Hillman, J.) (unpubl.) (finding that Petitioner's placement into home confinement rendered his petition challenging the calculation of time for placement under the "Second Chance Act" moot) (quoting Spencer v. Kemna, 523 U.S. 1, 7 (1998)). See also Chu v. Schultz, 2009 WL 689675 (D.N.J. Mar. 11, 2009) (Kugler, J.) (unpubl.) (also finding that Petitioner's placement into halfway house rendered Petition challenging calculation of time for placement under "Second Chance Act" moot); Speight v. Quintana, 2008 WL 4646122 (W.D. Pa. Oct. 17, 2008) (unpubl.) (because Petitioner has been released to a halfway house, his challenge under the "Second Chance Act" "is no longer of consequence to him; he no longer has the requisite 'personal stake' in the outcome of the litigation"); Burkey v. Marberry, 556 F.3d 142 (3d Cir. 2009) (holding that federal inmate's challenge to BOP determination that he is not eligible for early release became moot when inmate was released from prison because "[t]he possibility that the sentencing court will

7

use its discretion to modify the length of Burkey's term of supervised release ... is so speculative that any decision on the merits by the District Court would be merely advisory and not in keeping with Article III's restriction of power").

In the instant case, because the issues are no longer "live" and because a controversy no longer exists, the issues raised in the instant petition are moot.

**C.   Alternatively, Petitioner's Claims Have No Merit.**

The Second Chance Act does not guarantee a one-year RRC placement, but "only directs the Bureau of Prisons to consider placing an inmate in a RRC for up to the final twelve months of his or her sentence." Lovett v. Hogsten, 2009 WL 5851205 (6th Cir. Dec. 29, 2009) (unpubl.); see also Travers v. Federal Bureau of Prisons, 2009 WL 4508585 (D.N.J. Nov. 30, 2009) (Hillman, J.) (finding that "... nothing in the Second Chance Act entitles Petitioner to a halfway house placement longer than the 120-150 days already approved. These pre-release placement decisions are committed, by statute, to the discretion of the Director of the Bureau of Prisons, whose exercise of discretion is to be guided by the enumerated considerations.").

In this case, Petitioner was considered for RRC placement, and, in fact, received an RRC placement of 120 days by his Unit Team at FCI Fort Dix, despite the fact that the placement was denied due to medical reasons.  This Court finds no reason to

upset the findings of the BOP.  Although Petitioner disagreed with the BOP's decision, it is clear that Petitioner was properly considered, and thus no constitutional violation occurred.

## CONCLUSION

For the foregoing reasons, Petitioner's petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, is hereby dismissed.  An appropriate Order accompanies this Opinion.


  s/ Jerome B. Simandle  
JEROME B. SIMANDLE
Chief U.S. District Judge

Dated: **January 13, 2012**